UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ASHLEY N. MYVETT** a/k/a ASHLEY N. LIDDELL, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) No. 1:17-cv-08711 ) |
| **KRAFT HEINZ FOODS COMPANY, LLC,** | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, ASHLEY N. MYVETT also known as Ashley N. Liddell, by counsel, Trent A. McCain of MCCAIN LAW OFFICES, P.C., complains of KRAFT HEINZ FOODS COMPANY, LLC, as follows:

### I. NATURE OF THE ACTION

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by Americans with Disabilities Act.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000E-5(f)(3), and 28 U.S.C §1391, because the employment practices involved in this dispute occurred in Chicago, Illinois, and thus venue is proper in

the Northern District of Illinois, Eastern Division.

## III. ADMINISTRATIVE PROCCEDINGS

4. Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the Americans with Disabilities Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c), FRCP, has been performed or have otherwise occurred.

5. In particular, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on August 28, 2017 and within 300 days of the action complained of.

6. Plaintiff received her right to sue notice, dated September 6, 2017, from the Equal Employment Opportunity Commission. This lawsuit is timely filed within 90 days of receipt thereof.

## IV. THE PARTIES

7. Plaintiff, ASHLEY N. MYVETT ("Myvett"), is an adult citizen, residing in Porter County, Indiana.

8. Defendant, KRAFT HEINZ FOODS COMPANY, LLC d/b/a KRAFT HEINZ FOODS COMPANY ("KraftHeinz") is a foreign limited liability company doing business in Cook County, Illinois. Plaintiff was employed at KraftHeinz's facility located at 200 East Randolph Street, Chicago, Cook County, Illinois 60601.

9. At all relevant times, Myvett was a "qualified individual" as defined by 42 U.S.C. §12111(8) of the ADA.

10. At all relevant times, KraftHeinz was a covered "employer" as defined in 42 USC § 12111(5)(A) of the ADA.

## V. FACTUAL AND LEGAL ALLEGATIONS

11. From January 17, 2017 until June 16, 2017, Myvett was employed as an In-Store Sales Partner with Defendant.

12. Myvett's job duties included, but were not limited to, executing KraftHeinz's "sales plans through selling, merchandising, shelving and managing distribution in [her] specifically assigned territory."

13. When she first assumed the position, Myvett did not receive a job description at all, only an offer letter that she signed and accepted.

14. On or about January 19, 2017, Myvett's doctor diagnosed her with an abdominal tumor.

15. Initially, Myvett was treated with pain medication until the pain became unbearable.

16. Myvett went to a specialist who told her she needed immediate surgery to remove the tumor or it was in danger of rupturing and killing her.

17. Myvett requested, and was granted time off of work to have the surgery.

18. On March 8, 2017, Myvett was notified about short-term disability if she was going to be taking more than five (5) days paid time off (PTO).

19. On or about March 8, 2017, Myvett underwent surgery and had an 82-pound fibroid tumor removed.

20. At the same time, Myvett had a biopsy performed and the tumor was benign.

21. Myvett experienced some complications from surgery that prolonged her recovery time from about one week to six weeks.

22. On April 10, 2017, Myvett returned to work with certain restrictions; namely, she could not lift more than 10 pounds until these restrictions were lifted.

23. After she returned to work, Myvett received a "revised" job description, for In Store Sales Partner, indicating that one of the "essential functions" of the position, the employee "must be able to lift up to 50 lbs."

24. The Americans with Disabilities Amendments Act of 2008 applies to this claim of wrongful termination because the termination took place in 2017. Under that law, the disability must be assessed in its active state, not in remission, and without regard to mitigating measures like Myvett's medical treatments.

25. Defendant refused to provide reasonable accommodations to Myvett.

## VI.   CAUSE OF ACTION

26. Plaintiff realleges and incorporates paragraphs 1-25 of this Complaint by reference.

27. Plaintiff's had a disability as defined by the ADA, at the time she was terminated from employment.

28. Plaintiff's history of surgery and its treatment constitute a "record of disability" as defined by the ADA.

29. Plaintiff would have been able to continue performing her job if her post-surgical recovery had been reasonably accommodated by not requiring her to be able to lift fifty (50) pounds when her doctor limited her to ten (10) pounds.

30. Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by refusing to accommodate her disability and

terminating her, despite knowing that the ADA required such accommodations.

31. The Defendant's discriminatory conduct has caused and continues to cause the Plaintiff to suffer substantial physical and mental/emotional distress and inconvenience.

## VII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. A declaration that her rights under the ADA were violated;

B. Any actual monetary losses sustained by the Plaintiff as a direct result of the violations;

C. The interest on the amount described in items listed above, calculated at the prevailing rate;

D. Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by the Plaintiff;

E. If practicable, reinstatement with seniority and any promotional opportunities she would have had but for the discriminatory conduct;

F. An Order prohibiting the Defendant from any further prohibited discrimination against her;

G. Compensatory damages against the Defendant because of the past and future physical and mental pain and distress and inconvenience caused by its discriminatory actions;

H. Punitive damages because the Defendants acted with malice and reckless indifference of his rights;

I. Attorney fees, litigation expenses and costs incurred in obtaining relief and pursuing this action;

J. Post judgment interest; and

K. Any other relief the court deems just and proper.

Respectfully submitted,

**ASHLEY N. MYVETT**

*/s/ Trent A. McCain*
Plaintiff's Attorney

Trent A. McCain, #23960-45
**McCAIN LAW OFFICES, P.C.**
5655 Broadway
Merrillville, IN 46410
(219) 884-0696 phone
(219) 884-0692 fax
Trent@McCain.Law

## JURY TRIAL DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiff demands trial by jury in this action of on all issue triable.

Respectfully submitted,

**ASHLEY N. MYVETT**

*/s/ Trent A. McCain*
Plaintiff's Attorney

Trent A. McCain, #23960-45
**McCAIN LAW OFFICES, P.C.**
5655 Broadway
Merrillville, IN 46410
(219) 884-0696 phone
(219) 884-0692 fax
Trent@McCain.Law